# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RICHARD WHITLEY,<br><br>   Movant,<br><br>   v.<br><br>KPH HEALTHCARE SERVICES, INC., *et al*.<br><br>   Respondents. | **Case No.** 2:22-mc-00276-MHH |

### DECLARATION OF KRISTEN O'SHAUGHNESSY IN SUPPORT OF UNOPPOSED MOTION TO SEAL PORTIONS OF THE REPLY BRIEF IN SUPPORT OF RESPONDENTS' MOTION TO TRANSFER NON-PARTY DR. WHITLEY'S OPPOSED MOTION TO QUASH

I, Kristen O'Shaughnessy, hereby declare as follows:

1. I am an active member in good standing of the bar of the State of New York and am admitted to appear *pro hac vice* before this Court. I am a Partner at White & Case LLP, counsel for Dr. Richard J. Whitley. I also represent Gilead Sciences, Inc., Gilead Holdings, LLC, Gilead Sciences, LLC, and Gilead Sciences Ireland UC (collectively "Gilead"), in *Staley et al. v. Gilead Scis., Inc. et al.*, No. 3:19-cv-02573 (N.D. Cal.), and related actions (together the "*Staley* Actions"). I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

2. I submit this declaration in support of Respondent's Unopposed Motion for Leave to File Memorandum of Law Under Seal (Doc. 12), Respondent's Unopposed Motion for Leave to File Reply Brief Under Seal (Doc. 22), and in compliance with the Court's April 6, 2022 order permitting "Designating Parties [to] file declarations identifying the portions of the reply brief that they contend should remain under seal" (Doc. 23).[1]

3. A Stipulated Protective Order has been entered in the *Staley* Actions. Doc. 2-1. Per the terms of the Stipulated Protective Order, Gilead has designated information referenced in the Motion, the Reply, and Exhibit A to the Reply as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" because it concerns highly confidential, proprietary information regarding Gilead's internal strategy and decision-making practices with respect to the settlement of litigation. Upon information and belief, the sensitive business information Gilead proposes to seal has never been published or otherwise publicly disclosed. To the extent the information is referenced in materials filed in the *Staley* Actions, it has been sealed by the court in those actions.

---

[1] Gilead understands that the Court's April 6, 2022 order sought a declaration identifying the portions of the Reply Brief in Support of Respondents' Motion to Transfer Non-Party Dr. Whitley's Opposed Motion to Quash (the "Reply") that should remain sealed. However, for efficiency, Gilead also identifies the material in Respondent's Memorandum in Support of Respondent's Motion to Transfer Non-Party Dr. Whitley's Opposed Motion to Quash (the "Motion"), which is currently sealed in its entirely, that it requests to remain under seal.

4. Specifically, the Motion contains references to non-public proprietary information regarding Gilead's confidential strategy with respect to the settlement of litigation at:

- Page 2: beginning after "identified Dr. Whitley" and ending at "at the core"

- Page 2: beginning after "explains why Gilead" and ending at "Nevertheless"

- Page 2: beginning after "has no memory of" and ending at "and to the extent"

- Page 4: beginning after "were ongoing" and ending at "O'Shaughnessy Decl., Ex. A ¶¶ 5-6."

- Page 4: beginning after "O'Shaughnessy Decl., Ex. A ¶¶ 5-6." and ending at "*See id.* ¶ 4."

- Page 4: beginning after "discovery relating" and ending at "Gilead did not disclose"

- Page 4: beginning after "highly relevant" and ending at "until May 2021"

- Page 4: beginning after "relevance of these" and ending at "documents and testimony"

- Pages 4–5: beginning after "did not produce" and ending at "or produce documents"

- Page 5: beginning after "or shared with" and ending at "until December 2021"

- Page 5: beginning after "Dr. John Whitley is" and ending at "During the relevant time"

- Page 5: beginning after "Another" and ending at "identified by Gilead"

- Page 5: beginning after "their involvement with" and ending at "In response,"

- Page 5, n.2: beginning after "Nine months after" and ending at "was first raised"

- Page 7: beginning after "directed to different" and ending at "This case has been"

5. The Reply contains references to non-public proprietary information regarding Gilead's confidential strategy with respect to the settlement of litigation at:

- Page 2: beginning after "decade and" and ending at "that is a fundamental issue"

- Page 3: beginning after "regarding his role" and ending at "and has no relevant"

- Page 4: beginning after "Whitley and Cogan" and ending at "The fact that"

- Page 6: beginning after "he has no knowledge of" and ending at "Putting aside"

6. Exhibit A to the Reply is the sealed version of an order that was filed publicly with redactions on the *Staley* Actions docket. Exhibit A contains references to non-public proprietary information regarding Gilead's confidential strategy with respect to the settlement of litigation and the confidential practices of Gilead's Board of Directors at:

- Page 2: beginning after "defendant Gilead and" and ending at "The plaintiffs assert that"

- Page 2: beginning after "The plaintiffs assert that" and ending at "and Plaintiffs should"

- Page 2: beginning after "his testimony concerning" and ending at "Counsel for"

- Page 2: beginning after "has no memory of" and ending at "(2) even though"

- Page 2: beginning after "email chain related" and ending at "there is no indication"

- Page 2: beginning after "there is no indication" and ending at "had any impact on"

- Page 3: beginning after "knowledge of the" and ending at "and there do not"

7. The *Staley* court redacted the above-identified portions of Exhibit A when it published the order publicly.

8. The public disclosure of the above-referenced confidential and sensitive information presents a risk of substantial competitive harm to Gilead, because if known to them, competitors of Gilead would have unfair insight into Gilead's non-public internal strategy, including the strategy and internal governance of the Board of Directors, with respect to settlement of litigation.  Keeping this information confidential provides for the free exchange of information and opinions between and among Gilead and Gilead's Board of Directors and making information public regarding Gilead's internal strategy, decision-making, and communications regarding litigation would negatively impact Gilead and its competitive position within the market.

9. Gilead respectfully requests that Respondents redact the portions of the Motion, the Reply, and Reply Exhibit A identified above in any publicly filed version of the brief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of April, 2022, in New York, New York.

                                                   */s/   Kristen O'Shaughnessy*
                                                         Kristen O'Shaughnessy